UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DERRICK ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-02666 (UNA) |
| | ) | |
| | ) | |
| HASSAN HAMMOUDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of Plaintiff's Motion to File an Amended Complaint, ECF No. 14, and the proposed pleading, ECF No. 14-1. The motion will be granted, and the operative complaint will be dismissed.[1]

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff brings this suit against "the owner of Ace towing" with a "registered address" in Alexandria, Virginia. Am. Compl. ¶ 1. Allegedly, defendant's "representative" refused

---

[1] *See* Order, ECF No. 6 (denying plaintiff's motion to amend complaint and allowing him time to file a superseding Amended Complaint); Order, ECF No. 11 at 1 (denying as futile plaintiff's second motion to amend complaint, finding "still-operative original complaint" deficient, and granting "final extension" for plaintiff "to file a compliant amended complaint").

plaintiff's "repeated" demands to remove plaintiff's vehicle from a tow truck "[u]pon finding out" that the quoted price for the tow had changed from $85 to $189.  Am. Compl. ¶¶ 2-3.  The incident occurred in the District on August 31, 2023.  Plaintiff alleges that two officers of the Metropolitan Police Department spoke with the tow truck driver who then "reduced the fee to $40.00," but plaintiff "believed" he "should have paid less . . . because we had not traveled more than two blocks[.]"  *Id*. ¶ 4.  "[N]either party agreed," and the tow truck driver "drove away with the 2019 Dodge Challenger."  *Id*.

Plaintiff asserts that "[t]his court has jurisdiction pursuant to 28 U.S.C § 1332."  Am. Compl. at 1.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  "Citizenship is an essential element" of diversity jurisdiction that cannot be established by "an allegation of residence alone," and the party asserting diversity jurisdiction must plead "the citizenship of each and every party to the action."  *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up).  In other words, "failing to establish citizenship," in a diversity case, "is not a mere technicality."  *Id*.

To start, although it appears likely that Plaintiff is a citizen of North Carolina, he has not pleaded his citizenship, and although Plaintiff has alleged that Defendant's business is located in Virginia, he has not alleged where Defendant personally resides.  *See Perez v. Auto Technology Company*, 2014 WL 12601479, at *2 (C.D.Cal. 2014) (noting that an allegation, as here,

"regarding the location of a corporation's registered agent for service of process [is] insufficient to establish citizenship for purposes of diversity jurisdiction") (citing cases)).  Even more significantly, he has not made a demand for monetary relief sufficient to satisfy the amount-in-controversy requirement, and it "appear[s] to a legal certainty that the claim," such as it is, "is really for less than the jurisdictional amount."  *Bronner on Behalf of American Studies Association v. Duggan*, 962 F.3d 596, 612 (D.C. Cir. 2020) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see id*. at 603, quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").  To be sure, Plaintiff sets forth the text of Section 1332 in the preamble to his amended complaint, including the requirement that the amount in controversy exceed the sum of $75,000, ECF No. 14-1 at 1, he does not allege, however, that he is actually seeking damages exceeding that amount.  The factual allegations in the complaint, moreover, involve sums that are a small fraction (less than a tenth of a percent) of that amount, and, indeed, the sole exhibit that he has filed indicates that, even if the Defendant had misappropriated and never returned his car, the amount in controversy would not approach $75,000.

      Plaintiff has not asserted any other basis of federal court jurisdiction.  The Court will, accordingly, dismiss the amended complaint for want of jurisdiction.

      A separate order will issue.

Date:  April 5, 2024

                    /s/
RANDOLPH D. MOSS
United States District Judge